UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-cr-20242 |
| Plaintiff, | Hon. Thomas L. Ludington |
| v. | United States District Judge |
| WILLIAM E. PUTMAN, II | Hon. Patricia T. Morris |
| | United States Magistrate Judge |
| Defendant. | |

_____/

## DEFENDANT'S MOTION FOR RETURN OF PROPERTY

*Oral Argument Requested*

NOW COMES the Defendant in the above-captioned matter, William Putman, II, by and through his counsel SPRINGSTEAD BARTISH BORGULA & LYNCH PLLC, and respectfully moves that this Court order the return of the six silencers that were seized during the execution of a search warrant related to the matter identified as *United States v. William Putman* [MIED Case No. 1:18-cr-20242]. The legal authority for this Motion is provided in Rule 41 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 41(g). In support of its Motion, Defendant relies on the accompanying Brief in Support of the Motion for Return of Property (the "Motion") attached hereto.

## STATEMENT OF FACTS

1. William Putman, II ("William") resides with his wife and family at a location on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ("Residence").

2. William, along with other family members, participates a in fully licensed firearms business that holds a Federal Firearms License ("FFL") and a Class 3 Special Occupational Tax ("SOT") certificate under the National Firearms Act ("NFA"), 28 U.S.C. § 5801 *et seq*. The business is located on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ("Business"), which is approximately one hour from the Residence.

3. On February 15, 2018, Alcohol, Tobacco, and Firearms ("ATF") agents, accompanied by Michigan State Police ("MSP") officers and Caseville police officers, executed a search warrant at the Residence for the search and seizure of the following:

    a. "firearms capable of fully automatic by use of a drop-in auto sear,

    b. drop-in auto sears, and

    c. firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic . . ."

    including any photographs, records, documents, manuals, etc. that pertain to the same items to be searched for and seized. The search

      warrant also allowed the search for and seizure of cell phones. [Exhibit A, Attachment B, para. 1 - 7].

4.    In its Affidavit supporting the Application for a Search Warrant ("Affidavit"), the government acknowledged that it verified, prior to its execution of the search warrant, that the Business and William had registered eleven (11) NFA items. Specifically, AFT Inspector Murphy verified that "eight (8) silencers registered to their business and an additional three (3) were registered to William Putman." [Exhibit A, para. 6].

5.    The government *did not include* in its Application for a Search Warrant ("Application") nor its Affidavit the search for or seizure of silencers, mufflers, noise mufflers, or suppressors. [Exhibit A].

6.    On February 15, 2018, during the execution of a search warrant at the Residence, ATF agents seized the AR-15 identified in the government's case against William.

7.    ATF agents also searched the Business, with consent, and seized, with consent, six (6) of the silencers that were registered to the Business, all of which were awaiting transfer to the rightful third-party purchaser.[1]

---

[1] Of the eleven (11) registered silencers, eight (8) were registered to the Business and three (3) were registered to Defendant. Six (6) of the eight (8) silencers registered to the Business were being transferred to and registered for a third-party purchaser. To date, the government has in its possession six (6) silencers; the remaining silencers have been surrendered pursuant to the Court's Order Setting Conditions of Release. [Dkt. 5].

8. ATF Agent Stephen N. Ross confirmed in his Report of Investigation that "six silencers that had been registered to the business" were taken from the Business.[2] [Exhibit B].

9. A third-party purchaser, who was a customer of the Business, is the rightful owner of the "six silencers that had been registered to the business."

10. At the time of filing, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BAFTE") has cashed the $1,200.00 negotiable instrument tendered for the tax stamp payments relative to the six silencers, but it has not returned the six (6) silencers to the rightful third-party owner.

11. On April 11, 2018, Defendant William E. Putman, II ("William") was indicted and charged with having knowingly possessed a firearm not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5845(d), specifically, an AR-15 converted to function in fully automatic mode, which is a machine gun under 26 U.S.C. § 5845(b). [Dkt. 1].

12. On April 30, 2018, while William was attending the arraignment of his son on his superseding indictment, the one count indictment against

---

[2] ATF Report of Investigation, para. 4. The ATF Report of Investigation cannot be identified by Investigation nor Report numbers as these were redacted from the government's discovery deck.

William was unsealed and presented to him. [Dkt. 3]. William was arraigned the same day and plead not guilty.

13. Within 10 business days of April 30, 2018, William compiled with the Court's Order Setting Conditions of Release and surrendered all firearms, including the properly registered silencers not seized by ATF, and CPL and provided documentation. [Dkt. 5].

14. The government has not charged William with any crime related to the "six silencers that had been registered to the business."

## ARGUMENT

15. Federal Rule of Criminal Procedure 41 provides that a person aggrieved by the deprivation of property may move for the property's return. Fed. R. Crim. P. 41 (g).

## STATEMENT REGARDING CONCURRENCE

16. Pursuant to Local Rule of Criminal Procedure 12.1, counsel for the Defendant and the Office of the U.S. Attorney conferred via email on July 24, 2018. The movant provided a copy of this Motion and Brief in Support. Concurrence was requested; however, the movant received an email stating that opposing counsel is unavailable until July 30, 2018.

## CONCLUSION

For the reasons stated herein and in the accompanying Brief in Support, Defendant respectfully requests that the Court order the return of the "six silencers that had been registered to the business" to Defendant (or Defendant's designee).

SPRINGSTEAD BARTISH BORGULA & LYNCH PLLC

Dated: July 24, 2018         /s/   *Donald A. Davis*
                              Donald A. Davis (P24049)
                              Wendi M. Price (P82163)
                              15 Ionia Ave. Suite 520
                              Grand Rapids, MI 49503
                              (616) 458-5500
                              dondavis@springsteadbartish.com
                              Attorneys for William Putman, II

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

―――――――――――――――

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-cr-20242 |
| Plaintiff, | Hon. Thomas L. Ludington |
| v. | United States District Judge |
| WILLIAM E. PUTMAN, II | Hon. Patricia T. Morris |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR RETURN OF PROPERTY

NOW COMES the Defendant in the above-captioned matter, William Putman, II, by and through his counsel SPRINGSTEAD BARTISH BORGULA & LYNCH PLLC, and hereby files this Brief in Support of the Motion for Return of Property (the "Motion").

### RELIEF REQUESTED

Through the Motion, Defendant William Putman, II respectfully requests that the Court order the return of the "six silencers that had been registered to the business" to Defendant (or Defendant's designee).

## ISSUE PRESENTED

Should the Court order the return of the six silencers to Defendant (or Defendant's designee)?

## PRIMARY CONTROLLING AUTHORITY

Fed. R. Crim P. 41

*United States v. Popham*, 382 F. Supp. 2d 942 (6th Cir. 2005).

## STATEMENT OF FACTS

William Putman, II ("William") resides with his wife and family at a location on ███████████████████████ ("Residence"). William, along with other family members, participates in a fully licensed firearms business that holds a Federal Firearms License ("FFL") and a Class 3 Special Occupational Tax ("SOT") certificate under the National Firearms Act ("NFA"), 28 U.S.C. § 5801 *et seq.* The business is located on ███████████████████████ ("Business"), which is approximately one hour away from the Residence.

On February 15, 2018, Alcohol, Tobacco, and Firearms ("ATF") agents, accompanied by Michigan State Police ("MSP") officers and Caseville police officers, executed a search warrant at the Residence for the search and seizure of the following:

 1. "firearms capable of fully automatic by use of a drop-in auto sear,
 2. drop-in auto sears, and

    3. firearms parts and components that can be used to make a fully automatic firearm or to convert a firearm to fully automatic . . ."

including any photographs, records, documents, manuals, etc. that pertain to the same items to be searched for and seized. The warrant also allowed the search for and seizure of cell phones. [Exhibit A, Attachment B, para. 1 - 7].

    In its Affidavit supporting the Application for a Search Warrant ("Affidavit"), the government acknowledged that it verified, prior to its execution of the search warrant, that eleven (11) NFA items were registered to either the Business or William. Specifically, AFT Inspector Murphy verified that "eight (8) silencers registered to their business and an additional three (3) were registered to William Putman." [Exhibit A, para. 6].

    The government *did not include* in its Application for a Search Warrant ("Application") nor its Affidavit, including its Attachments, the search for or seizure of silencers, mufflers, noise mufflers, or suppressors. [Exhibit A].

    On February 15, 2018, during the execution of a search warrant at the Residence, ATF agents seized the AR-15 identified in the government's case against William. ATF agents also searched the Business, with consent, and seized, with

consent, six (6) of the silencers that were registered to the Business, all of which were awaiting transfer to the rightful third-party purchaser.[1]

ATF Agent Stephen N. Ross confirmed in his Report of Investigation that "six silencers that had been registered to the business" were taken from the Business.[2] [Exhibit B]. A third-party purchaser, who was a customer of the Business, is the rightful owner of the "six silencers that had been registered to the business." At the time of filing, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BAFTE") has cashed the $1,200.00 negotiable instrument tendered for the tax stamp payments relative to the six silencers, but it has not returned the six (6) silencers to the rightful third-party owner.

On April 11, 2018, Defendant William E. Putman, II ("William") was indicted and charged with having knowingly possessed a firearm not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5845(d), specifically, an AR-15 converted to function in fully automatic mode, which is a machine gun under 26 U.S.C. § 5845(b). [Dkt. 1].

On April 30, 2018, while William was attending the arraignment of his son on his superseding indictment, the one count indictment against William was

---

[1] Of the eleven (11) registered silencers, eight (8) were registered to the Business and three (3) were registered to Defendant. Six (6) of the eight (8) silencers registered to the Business were being transferred to and registered for a third-party purchaser. To date, the government has in its possession six (6) silencers; the remaining silencers have been surrendered pursuant to the Court's Order Setting Conditions of Release. [Dkt. 5].
[2] ATF Report of Investigation, para. 4. The ATF Report of Investigation cannot be identified by Investigation nor Report numbers as these were redacted from the government's discovery deck.

unsealed and presented to him. [Dkt. 3]. William was arraigned the same day and plead not guilty.

Within 10 business days of April 30, 2018, William compiled with the Court's Order Setting Conditions of Release and surrendered all firearms, including the properly registered silencers not seized by ATF, and CPL and provided documentation. [Dkt. 5].

The government has not charged William with any crime related to the "six silencers that had been registered to the business."

## ARGUMENT

Federal Rule of Criminal Procedure 41 provides that a person aggrieved by the deprivation of property may move for the property's return. Fed. R. Crim. P. 41(g). The Rule does not set forth a standard "to govern the determination of whether property should be returned to a person aggrieved . . . by deprivation of the property. *United States v. Popham*, 382 F. Supp. 2d 942, 955 (E.D. Mich. 2015). In *Popham*, the Court determined that a "court must balance the legitimate needs of the United States against the property rights of the moving party." *Id.* at 956 (citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1982)).

If a movant can show mere possession of an item and the government's seizure of that item from the movant's possession, the burden of showing a sufficient property interest in that item is met, and the movant can demand its return. *Popham*,

382 F. Supp. 2d at 956 (citing *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982) and *United States v. Estep*, 760 F.2d 1060, 1064 (10th Cir. 1985)); *See Northern Pacific Railroad Co. v. Lewis*, 162 U.S. 366 (1896).

The government has the burden of showing that it has a "continuing interest in the property." *Popham*, 382 F. Supp. 2d at 956. "The government can demonstrate a continuing interest by showing that the property is contraband or necessary for an ongoing investigation." *Id.* (citing *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977)). If the government can show a "continuing interest in the property," the property does not have to be returned. *Popham,* 382 F. Supp. 2d at 956. In *Popham*, the Court determined that "the interest of justice is [not] served by the government retaining property that . . . is not contraband . . . and has no apparent relationship to the charges in the indictment or other continuing investigation." *Id.*

**I.      Defendant Has a Property Interest in The Silencers.**

On February 14, 2018, this Court issued a search warrant based on the assertions made by the government in its Application and Affidavit, including Attachments A and B. This Court authorized the search of William's Residence for the search for and seizure of several NFA items and related documentation. [Exhibit A, Attachment B, para. 1 – 7].

In its Application, the government acknowledged, through ATF Inspector Murphy, that it verified that the Business and William had registered eleven (11) NFA items, including eight (8) silencers registered to the Business and an additional three (3) registered to William. [Exhibit A, para. 6].

On February 15, 2018, during the execution of a search warrant, ATF agents searched the Residence and seized the AR-15 identified in the government's case against William. ATF agents also searched the Business, with consent, and seized, with consent, six (6) of the silencers that were registered to the Business, which were awaiting transfer to the rightful third-party purchaser. Pursuant to the Court's Order Setting Condition of Release, the remaining silencers, that the ATF did not seize, were surrendered with documentation. [Dkt. 5].

ATF Agent Stephen N. Ross confirmed in his Report of Investigation that "six silencers that had been registered to the business" were taken from the Business.[3]

As a participant in the Business, William has the right to possess the six (6) silencers while they are registered for and transferred to the third-party purchaser. William, through the Business, stored the six (6) silencers at the Business address. William, as an agent of the Business, possessed the six (6) silencers while they were being registered for and transferred to a third-party purchaser. Through this "mere

---

[3] ATF Report of Investigation, para. 4. The ATF Report of Investigation cannot be identified by Investigation nor Report numbers as these were redacted from the government's discovery deck.

possession," William has sufficiently demonstrated a "property interest" in the six (6) silencers. *Popham,* 382 F. Supp. 2d at 956 (citing *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982) and *United States v. Estep*, 760 F.2d 1060, 1064 (10th Cir. 1985)); *See Northern Pacific Railroad Co. v. Lewis*, 162 U.S. 366 (1896).

II.   **The Federal Government Has No Basis to Retain the Silencers It Seized.**

   A.   *The Federal Government Cannot Show That the Silencers are Contraband.*

In its Affidavit, the government verified that the Business had eight (8) properly registered silencers in its' inventory and that William had three (3) properly registered to him.[4] Because the government verified that all eleven (11) silencers were properly registered, it knew that the silencers were not evidence of a crime; contraband; or property designed for, intended for, or used in committing a crime. With the knowledge that the silencers were properly registered and legal, the government had no intention to search for or seize any of the registered silencers. Hence, the government *did not include* the search for or seizure of silencers, mufflers, noise mufflers, or suppressors in its Application or Affidavit. [Exhibit A].

---

[4] Of the eleven (11) registered silencers, eight (8) were registered to the Business and three (3) were registered to Defendant. Six (6) of the eight (8) silencers registered to the Business were being transferred to and registered for a third-party purchaser. To date, the government has in its possession six (6) silencers; the remaining silencers have been surrendered pursuant to the Court's Order Setting Conditions of Release. [Dkt. 5].

On February 15, 2018, just one day after its Application, the government seized six (6) of the registered silencers. The government did so with no evidence that the silencers were evidence of a crime; contraband; or property designed for, intended for, or used in committing a crime.

For the reasons stated *supra*, William, through the licensed Business, possessed the silencers while they were being registered for and transferred to a third-party purchaser.

The government cannot show that these silencers are contraband.

### B. The Federal Government Has Not Demonstrated a Continuing Interest in the Silencers.

More than five (5) months ago, the government seized six (6) silencers from the Business. The government has not provided a search warrant tabulation ("Return") nor notice of seizure or forfeiture for the six (6) silencers. The government has not provided any discovery related to the six (6) silencers, except that it verified that the silencers were legally registered and confirmed seizure of the six (6) silencers. The government has shown no apparent relationship between the six (6) silencers and the charge in the indictment. The government has not charged William for any crime(s) related to the six (6) silencers.

The government has not demonstrated a continuing interest in the (6) silencers. *Popham*, 382 F. Supp. 2d at 956.

## CONCLUSION

For the reasons stated herein and in the corresponding Motion, Defendant respectfully requests that the Court order the return of the "six silencers that had been registered to the business" to Defendant (or Defendant's designee).

                                        SPRINGSTEAD BARTISH BORGULA &
                                        LYNCH LAW PLLC

Dated: July 24, 2018        /s/    *Donald A. Davis*
                                                Donald A. Davis (P24049)
                                                Wendi M. Price (P82163)
                                                15 Ionia Ave. Suite 520
                                                Grand Rapids, MI 49503
                                                (616) 458-5500
                                                dondavis@springsteadbartish.com
                                                Attorneys for William Putman, II

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2018, I filed the foregoing Motion and Brief in Support using the Electronic Court Filing system for the Eastern District of Michigan, which will send notification of such filings to all attorneys of record.

SPRINGSTEAD BARTISH BORGULA & LYNCH PLLC

Dated:  July 24, 2018  /s/  *Donald A. Davis*
Donald A. Davis (P24049)
Wendi M. Price (P82163)
15 Ionia Ave. Suite 520
Grand Rapids, MI 49503
(616) 458-5500
dondavis@springsteadbartish.com
Attorneys for William Putman, II